UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 7:16-CR-00876-11 |
| | § | |
| OMAR VAZQUEZ-AVENDANO | § | |

**DEFENDANT'S MOTION TO SUPPRESS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant, through Counsel and requests that the Blackberry mobile telephone and iPhone 6 seized from Defendant's home following his arrest in this case be suppressed as the fruit of an unlawful search, in violation of the 4th Amendment to the U.S. Constitution.

I.

Factual Summary

At about 6:20 am, CDT, on June 16, 2016, Federal and State Agents working with the DEA and HSI executed an arrest warrant on Defendant at his home at 8006 S. Lorel St., Burbank, Illinois. The did not have a warrant to search his home, vehicles or other property.

When the agents knocked on the door of this two-story residence, Defendant's wife, Evelyn Vazquez, answered the door, informed the agents that Defendant was asleep in the couple's upstairs bedroom, and then remained downstairs with some of the agents while three agents went directly to Defendant's bedroom.

When the agents entered Defendant's bedroom, they found him standing beside his bed and wearing only a t-shirt and some shorts. They immediately handcuffed him, which rendered him incapable of reaching any objects in the room to attempt to harm the agents or to effect his escape. Two of the agents immediately led him out of the bedroom and handed him over to two agents who were standing outside the bedroom door. The first two agents then re-entered his bedroom and, along with the third agent, conducted a search of the room, including night stands, the bed, all other furniture and the closets. The two agents outside the bedroom escorted Defendant downstairs and out the front door, then took him to the area in front of his garage and required him to stand there, outside the closed garage, in public view of passers-by. These and/or other agents remained with him for the next 45 minutes or so, while other agents searched the inside and outside of his home, including his vehicles.

Defendant was not asked for, and did not give the agents, consent to search his property.

During the search of the house, Mrs. Vazquez and her children were held in the living room and/or kitchen of the home, while the agents went through every room, closet, cabinet, drawer and other part of the home. Several times, the agents asked Mrs. Vazquez for consent to search the home, and on one occasion asked if they could bring in a police K-9. Mrs. Vazquez refused all these requests. There were approximately 8 agents in the home, and perhaps 6 outside the house.

When the agents concluded their searches – about 45 minutes after the initial entry – they departed the home. The agents did not inform Mrs. Vazquez that they had seized anything from the home, and did not leave an inventory of such items.

Once free to inspect her home after this intrusion, Mrs. Vazquez saw that the agents had disturbed things in every room, closet, cabinet, drawer and elsewhere in the house. It was evident

the agents had searched all of the home. She noticed that several items were missing from the Master Bedroom, upstairs including an iPad, an iPod, and several mobile telephones. According to the DEA 6 of this event – released to the Defense by its inclusion in the Government's discovery binder only on April 3, 2017 – , the agents seized the iPad and iPod, along with two Samsung mobile phones, one iPhone 6, one Blackberry device and one HTC mobile telephone. Of these several items, the Blackberry and iPhone 6 were concealed within a closed night stand. The two Samsung mobile phones were found atop the night stand.

The agents had only an arrest warrant, but not a search warrant. They did not have consent from anyone at the home, and there was no exigent circumstance that would have allowed the 45 minute search of the home after Defendant was arrested and removed from the home.

II.

Applicable Law and Argument

The courts have consistently held that "searches and seizures inside a home without a warrant are presumptively unreasonable." [*Kentucky v. King*, 563 U.S. 452, 459 (2011]. However, the courts have also recognized that this presumption may be overcome in some specific, exceptionable circumstances that render the warrantless search is reasonable, due to exigent circumstances. [*Id*., at 459].

For example, agents may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury, or to prevent the imminent destruction of evidence. [*Id*, at 460].

But the exigent circumstances rule cannot be relied upon by police when they create the exigency. That is, the police cannot, by their actions, create the circumstances that give rise to the

need to prevent destruction of evidence by creating the exigency by their own conduct. [*Id*., at 461].

Rather, "police must, whenever practicable, obtain advance judicial approval of searches and seizures through the warrant procedure." [*Chimel v. California*, 395 U.S. 752, 89 S.Ct 2034, (1969), at 2039, quoting from *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868 (1969)].

With regard to a search incident to arrest, it is permissible for police to search the person of a person being arrested in order to remove an weapons that the person may use to harm the officers or to effect his escape. But "there is no comparable justification for routinely searching any room other than that in which the arrest occurs – or for that matter, for searching through all the desk drawers or other closed or concealed areas in that room, itself. " Such searches, in the absence of well-recognized exceptions, may be made only under the authority of a search warrant." [*Id*., at 763].

And, very importantly, herein, the three agents who arrested Defendant immediately handcuffed him without incident and removed him from the room, where he was handed over to two other agents and taken directly outside his house. That is, the agents had no reason to search the bedroom for weapons, in that Defendant was immediately and peacefully taken into custody and removed from the room.

As for any argument that the search of the bedroom was based upon an exigency to prevent destruction of evidence, the police had created any such exigency by coming into the home without a search warrant to have covered looking for evidence of the crime for which he was arrested. From examining the files in this case, it is clear that much of the drug evidence was seized by the Government through the use of court-authorized GPS tracking and interceptions of telephone calls and text messages. That is, the Government investigation surrounded the court-warranted surveillance of multiple telephones and other such devices. The Government must have expected

to encounter telephones and Blackberries at all homes at which arrests were made, and certainly could have obtained warrants to search for such items along with other evidence at the time of the warranted arrests.

The Government chose not to obtain a search warrant of Defendant's home prior to executing the search warrant, did not obtain consent to search, and no exigent circumstance existed such as to justify their unwarranted 45 minute search of Defendant's home.  They should not be rewarded for this outrageous conduct which clearly violates the protections of the 4th Amendment.

WHEREFORE, premises considered, the Defendant very respectfully requests that This Honorable Court grant this motion and that the Blackberry and iPhone 6 be suppressed as the product of the unlawful searches of Defendant's home.

Very respectfully,

/S/ Guy L. Womack

Guy L. Womack
Counsel for Defendant
Texas Bar No. 00788928
District ID: 19897
609 Heights Blvd.
Houston, Texas   77007
Tel:  (713) 224-8815
Fax:  (713) 224-8812

CERTIFICATE OF SERVICE

A copy of the foregoing was delivered via CM/ECF to the U. S. Attorney's Office on this 7th day of April, 2017.

/S/ Guy L. Womack
Guy L. Womack