IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CUIRCUIT

App No. _____

UNITED STATES OF AMERICA,

Appellee,

Vs.   Civ. No. 7:19-cv-147

Cim No.7:16-cr-00876-11

OMAR VAZQUEZ AVENDANO,

Appellant.

**DEFENDANT' MOTION FOR ISSUANCE OF CERTIFICATE OF APPEALABILITY PURSUANT TO 28 U.S.C. 2253(c).**

=====================================================================

Pro se Litigant:

  OMAR VAZQUEZ AVENDANO
Reg. No. 512390424
CORRECTIONAL INSTITUTION
FLIGHTLINE
P.O. Box 3470
BIG SPRING, TX. 79720

## I. PRELIMINARY STATEMENT

Defendant Omar Vaquez Avendano (Appellant), acting Pro se, indigently, respectfully submits this Motion for Issuance of Certificate of Appealability pursuant to 28 U.S.C 2253(c). Appellant seeks to appeal from the Judgment of the U.S District Court (Hon. Judge Randy Crane) dated and entered January 26, 2021 which Denied and dismissed Appellant's Section 2255 motion.

District Court for the Southern District of Texas issued an Order denying Certificate of Appealability on January 26, 2021.

As shown below, jurist of reason would find Judge Hon. Judge Randy Crane's ruling debatable. This Honorable Court of Appeals should issue a Certificate of Appealability ("COA").

## II. STANDARDS FOR ISSUANCE OF COA

A COA must issue if jurist of reason would find debatable whether the petition states a valid claim of the denial of a constitutional right and that jurist of reason would find it debatable whether the district court was correct its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## III. ISSUES FOR APPEAL

A. Juris of Reason Will Find Debatable that District Court Committed Error in Denying That Attorney Render Ineffective Assistance When Failing a Motion to Suppress Only Challenging Unlawfully Seized Phone and Not the Rest of

### The Evidence That Was Seized During Mr. Vazquez's Arrest at His Residence.

Attorney Guy L. Womack, filed on Mr. Vazquez's behalf an incomplete motion to suppress evidence, specifically, and only challenging a Black cellular phone, together with its contents. (Cr. Dkt. Nos 487, 488).

The history of Mr. Vazquez arrests levels that on June 16, 2016, agents knocked on the door of Mr. Vazquez's two-story residence, where Vazquez's wife, Evelin Vazquez, allowed the arresting agents to access in the house and to where Vazquez was asleep in the upstairs bedroom. The agents justified the entrance of Vazquez's residence by exhibiting an arrest warrant for the arrest of Mr. Vazquez. The Warrant was limited only to the arrest of Vazquez. When the agents entered Vazquez's bedroom, they found him standing beside his bed and wearing only a t-shirt and some shorts. They immediately handcuffed him and led him out of the house to the area in front of the garage. Then Two agents re-entered his bedroom and, a long with a third agent, conducted a search that last 45-minutes, while other agents searched the inside and outside of the home.

Accordingly, agents searched every room, closet, cabinet, drawer and other parts of the house including the garage where they illegally search and retrieved a motor vehicle year 2010, Model Cayenne, Tile No. WP1AD2AP8ALA60087 and several items including Ipods and several mobile telephones: one HTC mobile telephone, and one IPhone 6 that was concealed whiting a closed nightstand alleging that said was in plain view in a partially open nightstand at the moment of Mr. Vazquez's arrest.

Considering the record as a whole, it is clear that in establishing connection among Vazquez and the Roman brothers, the government relied highly on a made-up

theory that a title to a Porsche vehicle Cayenne, Year 2010 (Vin. WP1AD2AP8ALA60087) parked at Vazquez's garage during his arrest was registered in Jose Roman's name, which clearly misrepresented the facts only to add leverage against Vazquez's in order to coerce him to enter his plea agreement. Had, attorney interviewed Jose Roman prior to Vazquez entering his plea agreement, Attorney could have gained the proper defense in challenging connection among the Roman Brothers and Vazquez. In addition, the attorney could have learned that the government had supported his theory based on the vehicle's registration, which was inside the vehicle inside the glove compartment, not in plain view. Searching said vehicle obviously violated Vazquez's 4th Amendment, because the vehicle registration was clearly part of an illegal search the a car parked at his garage.

It is understandable that retrieving said vehicle could have been excused under forfeiture of property, however nor for conviction of the criminal activity, as forfeiture is part and should be part of a different civil proceeding under **18 U.S.C. § 983.**

In the case at hand, district court seems to selectively emphasize only on the portion of attorney's incomplete motion to suppress where attorney presents one sole item for suppression. Specifically, a Blackberry cellular phone, together with its contents. (Cr. Dkt. Nos. 487, 488). Obviously, the government was not to admit that not only this item was illegally recovered from Mr. Vazquez's room at the time of his arrest. (1) because this phone in fact, was inside a nightstand, a nightstand that was in anyway partially open as alleged by the agents; (2) this phone was not an active phone, this phone was unactive for many months prior to Mr. Vazquez's arrest.

The argument presented to the district court is one of counsel failure to properly articulate motion to suppress. Clearly infantizing in only one of the items (Blackberry Cellular Phone) recovered at Mr. Vazquez house during his arrest rendered his motion to suppress incomplete and not properly articulated.

Counsel could have addressed in Mr. Vazquez's motion to suppress of the existence of other evidence presented against him, however, obtained in violation of his 4th amendment rights. Specifically, vehicle registration allegedly under co-defendant Jose Roman's name.

The district court committed error in selectively evaluating portions of Mr. Vazquez's argument and turning a blind eye to other substantive sections of the same. The district court err in determining whether, in light of all circumstances, the identified acts and omissions were outside the wide range of professional competent assistance. Strickland v. Washington, 466 U.S. at 690.

The omissions and failure to articulate a substantive motion to suppress evidence in Mr. Vazquez's part by his attorney, rendered that court ruled blindly to many other facts that could have changed the outcome of the proceedings. For example, Mr. Vazquez's attorney failed to challenge in articulating motion to suppress that: (1) the Blackberry was illegally recovered because it was not only inside a shot down close nightstand drawer; (2) not in plain view as alleged by the government and; (3) phone had been unactive for many months prior to Mr. Vazquez's arrest.

But most important here, is the fact that other items were also taken from his house during his arrest including two motor vehicles and other phones. Mr. Vazquez's attorney omitted that also among other items taken from his house, a 2010 Model Cayenne, Tile No. WP1AD2AP8ALA60087, was also taken from his house. This motor vehicle was omitted in articulating his motion to suppress. Even assuming that the government must have expected finding multiple telephones at

Mr. Vazquez's house and that because government's investigation was through the use of court-authorized GPS tracking and interception of phone calls and text messages, there is boundaries well protected under the Fourth Amendment (Illegal Search and Seizures).

Although the government performed a clean job in protecting itself in alleging that the Blackberry phone challenged in Mr. Vazquez's motion to suppress was in plain view in a partially open nightstand at the moment of his arrest, when it was not, very contradicting is also the fact, that the government alleged that no search of Mr. Vazquez's house was ever conducted. Extremely contradicting is the fact, that a 2010 Model Cayenne, Tile No. WP1AD2AP8ALA60087 was also taken from Mr. Vazquez's garage, said vehicle was clearly not in open view during his arrest. Assuming that said motor vehicle was seized for forfeiture of certain property and not relevant to Mr. Vazquez's criminal case, one thing for sure, the government made use of vehicle's registration in alleging that said vehicle was registered under co-defendant's Jose Roman's name. Obviously, the government's purpose for this illegal action was to establish connection among Mr. Vazquez and co-conspirators.

The question here is whether using evidence (in this case car registration that was inside motor vehicle's glove compartment, a vehicle that was not in plain view but inside a garage) product of an illegal search to contaminate the perception of the court renders a violation of Mr. Vazquez's Fourth Amendment rights.

Sadly, Mr. Vazquez's attorney simply opted for omitting in articulating Mr. Vazquez's motion to suppress that the government misrepresented the court by alleging that agents did not conducted a search at his house, even when they arrested him and maintained themselves in the house for 45-minutes after his arrest and even when in building Mr. Vazquez's case the government lied alleging that the connection among Mr. Vazquez and the Roman brothers was clearly established

because the 2010 Model Cayenne, Tile No. WP1AD2AP8ALA60087 was registered under Jose Roman's name, when it was not.

In the case at hand, Mr. Vazquez's counsel clearly provides ineffective assistance by omitting in articulating his motion to suppress that the evidence pertaining to a 2010 Model Cayenne, Tile No. WP1AD2AP8ALA60087 not only was obtained in violation of Mr. Vazquez's Fourth Amendment, and used to substantiate connection to other co-defendants, but also that this evidence had been altered and misrepresented by the government because this motor vehicle was at all times registered under Mr. Vazquez's name and no other person prior to his arrest. **See. Attachment A. (Owner Name and Address: Omar A. Vazquez, 8006 S. Lorel, Burbank, IL. 60456.). Id.**

Very convenient in building Mr. Vazquez's case for the government, however, very ineffective by Mr. Vazquez attorney in not making this illegal search and illegal obtained evidence part of his motion to suppress evidence.

Attorney was ineffective in not properly articulating a more substantive motion to suppress evidence. However, district court selectively turned a blind eye to Mr. Vazquez's argument and denied his 2255 motion only infantizing on only the limited portion of a Phone that was allegedly in plain view in a partially open nightstand at the moment of Mr. Vazquez's arrest.

District court selectively ignored the rest of the evidence that could have been articulated in Mr. Vazquez's motion to suppress evidence by his attorney, substantial evidence that his attorney opted for omitting. Mr. Vazquez's argument is one of counsel failing to properly articulate a substantial motion to suppress, not one of relitigating his previous denied motion to suppress evidence as the district court made it appear.

Often, in the question of reasonableness, the courts take into account factors including "whether counsel has reasons to believe that pursuing certain investigations would be fruitless or even harmful; resource constrains; and whether the information that might be discovered would be of only collateral significance. In defining reasonable investigation the Fifth Circuit emphatized that counsel has a choice of making " a reasonable investigation of defendant's case" or to make a reasonable decision that a particular investigation is unnecessary. Ranson v. Johnson, 126 F.3d 716, 723 (5th Cir. 1997).( Holding that whether or not counsel's investigation is reasonable may critically depend on the information provided by the defendant).

Here, Mr. Vazquez prior to trial went over with his attorney respecting all aspects of the illegal search and evidence taken from his house during his arrest including phones and vehicles. Mr. Vazquez in his 2255 motion identify evidence that was subject to suppression because it was illegally obtained, provide facts to establish that counsel unreasonably forwent filing substantive motion to suppress or to support the validity of his claim that his Fourth Amendment rights were violated.

The court erroneously concluded that Mr. Vazquez had failed to show that counsel's decision to forgo an apparently futile attempt at suppression was not reasonable and that Mr. Vazquez had not shown a likelihood that suppression would have occurred had counsel correctly articulated and pursued such a motion.

However, in denying Mr. Vazquez's argument, district court abused its discretion by only addressing one portion of the argument and turning s blind aye to the rest of it. Whether, finding the Blackberry phone taken at Mr. Vazquez house during his arrest was in plain view in a partially open nightstand was clearly addressed by the district court. However, the search of garage, a 2010 Model Cayenne, Tile No. WP1AD2AP8ALA60087 and its contents, including registration that was inside the glove compartment, constitutes a different aspect of a prospect motion to suppress

evidence, since the government used vehicle registration to contaminate court's perception to establish Mr. Vazquez's connection with co-defendants. Other that vehicle registration, no other evidence existed connecting Mr. Vazquez with the Roman brothers. If attorney had articulated correctly in full force Mr. Vazquez's motion to suppress, this could have diminished government's case and the outcome of the proceedings would have changed substantially, because Mr. Vazquez entered culpability based on the manner in which the government established connection among him and the Roman brothers.

### B. Juris of Reason Will Find That District Court Committed Error in Denying That Attorney Render Ineffective Assistance by Not Properly Counseling of the Guilty Plea and Conducting Proper Investigations.

Generally, effective counsel must engage in a reasonable amount of pretrial investigation as " at minimum... interview potential witnesses and... make an independent investigation of the facts and circumstances in the case." Nealy v. Cabana, 764 F.2d 1173, 1177 (5th Cir. 1985). Any decision not to follow a line of investigation must be based on reasoned strategy. Smith v. Dretke, 422 F.3d 269, 283-84 (5th Cir. 2005).

However, in the case at hand the district court erroneously deem of little value that Mr. Vazquez's counsel fail to investigate many aspects that renderer his decision to plea guilty. As mentioned above, the fact that (1) counsel fail to conduct and research the telephone records tied to the Blackberry seized in the search of Mr. Vazquez's house during his arrest (a unactive phone inside a drawer in a nightstand); (2) research of the title to a 2010 Model Cayenne, Tile No. WP1AD2AP8ALA60087 seized in the same search in which government alleged

was under his co-defendant Jose Roman's name when it was not (Motor vehicle records reveal that this car was never under Jose Roman's name, the government alleged that it was register under Jose Roman's name only t stablish connection among Mr. Vazquez and the Roman's brothers); (3) investigate that the leader and importer of the cocaine seized during the conspiracy Mr. Lechuga was a confidential informant Mr. Lechuga is the importer of all cocaine mentioned in the conspiracy, and had been acting as a government's informant for many years before this conspiracy) and; (4) interview Jose Roman, Rodrigo Roman, Jesus Cepeda, Moises Ramos and Abel Cadena, were critical factors in Mr. Vazquez's decision to enter culpability.

District court committed error in rendering that Mr. Vazquez's argument about counsel failure to investigate was nothing but counsel's harmless cumulative errors. Mr. Vazquez enter his plea agreement and admitted culpability to a level of participation in his case, because of attorney's lack of proper counseling and failure to investigate facts that could have diminished government's case.

### C. Juris of Reason Will Find That District Court Committed Error in Denying That Attorney Render Ineffective Assistance by Not Properly Challenging Mr. Vazquez's Sentencing Enhancements as Recommended In His PSR.

#### 1. Possession of a firearm and Selective Prosecution

The District Court sentenced Mr. Vazquez to a term of 196 months based in part on the Sect 2D1.1(b)(1) firearm enhancement for possession of a firearm.

This enhancement was based on the three firearms found in the possession of Rodrigo Roman. (Cr. Dkt. No. 617 at 37). Mr. Vazquez's argument is not one of whether if his attorney Mr. Womack objected or not to his enhancement, but one of if counsel properly and substantively objected to this misapplication of the enhancement. Although counsel during sentencing phrase raised the objection to a limited extent, challenging that Rodrigo Roman had acted on it own by "possessing the firearms on his own" and without Mr. Vazquez's orders, also that no evidence existed that Mr. Vazquez was even aware that Rodrigo Roman possessed firearms. (Cr. Dkt. No. 586 at 2.). The District Court overruled this objection on the basis that it is " well settled law in the Circuits that guns are always foreseeable in drug trafficking offenses as they are tools of the trade." (Cr. Dkt. No. 757 at 18).

Assuming that the District Court was correct in denying counsel's improper raised objections, also the Equal Protection of the Fifth Amendment deprives from applying the law selectively to defendants similarly situated. Although the history of this case points that Rodrigo Roman was found in possession of 3-firearms at his residence during his arrest, very contradicting is the fact that during his sentencing and accounting that he is allegedly part of the same conspiracy in the drug trafficking offense as Mr. Vazquez, he was not charged of enhanced for any firearms neither under 18 U.S.C 924(c), not enhanced pursuant the sentencing guidelines Sec 2D1.1(b)(1). Also, neither co-defendant Abel Cadena was enhanced his sentence for possession of the firearms found at Rodrigo Roman's residence.

Obviously here, the government by waiving charging Rodrigo Roman with the firearms, since the 3-firearms were found on his possession in his residence during his arrest, at the same time not only broke the chain link connection to the rest of participants in the conspiracy, but also waived enhancing Mr. Vazquez for possession

of firearms that Rodrigo Roman did not possess, or at the minimum was not charged for possessing.

Without a doubt, Mr. Vazquez's counsel rendered ineffective assistance by not properly challenging that Mr. Vazquez in under the Equal Protection of law, is legally innocent of the enhancement for possession of a firearm that had no connection to him.

A selective or discriminatory application of law is forbidden by the equal protection of the Fifth Amendment. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432 (1985).

Generally, the government has broad discretion in determining who to prosecute. See Wayte v. United States, 470 U.S. 598, 607, 105 S.Ct. 1524, 1530, 84 L.Ed.2d 547 (1985). Consequently, Mr. Vazquez bear a burden in demonstrating unconstitutional selective prosecution. See United States v. Jennings, 724 F.2d 436, 445 (5th Cir.), cert. denied, 467 U.S. 1227, 104 S.Ct. 2682, 81 L.Ed.2d 877 (1984). A prima facie showing of unconstitutional selective prosecution requires Mr. Vazquez to demonstrate that he was singled out for prosecution while others similarly situated who committed the same crime were not prosecuted. Mr. Vazquez next must show that the government's discriminatory selection of them for prosecution was invidious or done in bad faith — i.e., that the government selected its course of prosecution "because of," rather than "in spite of," its adverse effect upon an identifiable group. Wayte, 470 U.S. at 610, 105 S.Ct. at 1532; United States v. Ramirez, 765 F.2d 438, 440 (5th Cir. 1985), cert. denied, 474 U.S. 1063, 106 S.Ct. 812, 88 L.Ed.2d 786 (1986).

Mr. Vazquez satisfy all prongs of a prima facie selective prosecution claim, because government dropped charging the enhancement for possession of a firearm against Rodrigo Roman, the only defendant who was found in possession of 3-firearms in

the conspiracy during his arrest, co-defendant part of the same indictment as Mr. Vazquez. However, Rodrigo Roman was not charged with possessing firearms nor enhanced his sentence for his personal activity. The record, however, reflects that he although in fact was found in possession of a possession of 3-firearms charges were dropped against him. Here, there certainly is inherently invidious behavior in the government's part. Mr. Vazquez meets the `similarly situated' branch of the selective prosecution defense and Mr. Vazquez point and demonstrates bad faith by the government. Mr. Vazquez presents that the government discriminated against him rendering unconstitutional selective prosecution. Furthermore, that his attorney rendered ineffective assistance by failing to investigate and present this line of defense against the improper sentencing enhancement. Whether the attorney previously challenged the enhancement, does not substantively meant that attorney properly articulated the argument, if anything, this argument should have been presented in a proper manner and in all force as required by any affective attorney under Strickland v. Washington, 466 U.S. 668 (1984).

The district court clearly mis construed Mr. Vazquez's argument assuming that Rodrigo Roman was also charged with the 3-firearms found at his residence during his arrest, when he was not. Here, the government waived charging him and at the same time waived charging everyone with the same. If Rodrigo Roman did not possess or at least the government waived charging him with the firearms, then no one similarly situated must be held liable for that specific criminal conduct.

Clearly here, Mr. Vazquez's attorney rendered ineffective assistance by not properly challenging his firearm possession enhancement under equal protection grounds. Mr. Vazquez counsel seemed to have failed to conduct proper

investigations respecting such a critical and determinative fact. Mr. Vazquez's 2-level enhancement under Sect. 2D1.1(b)(1) for possession of a firearm was misapplied.

### 2. Leadership Role In The Offense.

According to Presentence Report ("PSR") in this case, Mr. Vazquez was the organization's main cocaine distributor for the Chicago, Illinois area (Id. at 16, 18,29,32). The alleged investigation according to the government's theory of this case, that Mr. Vazquez was in constant contact with Lechuga (Government's informant and head of the organization from Mexico) who would coordinate the receipt of bulk cocaine shipments and transfer the distribution proceeds, totaling millions of dollars, back to the Valley on its way to Mexico. (Id. at 18).

In contrast to what the government made it seem like, the record of this case also revealed that Vazquez plead guilty to the event that took place in June 2016, where Lechuga coordinated the smuggling of 120 kilograms of cocaine from the Valley to Illinois in two tractor-trailers. (Id. at 24-28). Jesus Cepeda and Avel Cadena picked up 60 kilograms of the load in Illinois and transported them to Cepeda's residence. For temporary storage. (Id. at 25,34-35). On June 13, 2016, the entirety of the 120 kilograms load was obtained by federal agents in two separate seizures. (Id. at 25-28). Mr. Vazquez admitted at his plea that only part of the load was to be delivered to him in Chicago (Cr. Dkt. No. 756 at 27). A total of 24 Kilograms, according to the PSR, were meant for Mr. Vazquez (Cr. Dkt. No. 617 at 28).

Because Mr. Vazquez was charged for a conspiracy to possess with intent to distribute 5 kilograms of more of cocaine from on or about June 2011 to about June 16, 2016. However, the insufficiency of the evidence in the government's part

limited this case to only the event that took place on June 13, 2016. (The 120-kilograms of cocaine). The preponderance of the evidence by the government had to establish that during that specific event Mr. Vazquez was the organizer or coordinator of the following five co-defendants: Brothers Jose Romn and Rodrigo Roman, Moises Ramos, Jesus Cepeda; and Abel Cadena. (Id. at 18, 30-32, 34-35). The government clearly came short in establishing that any of this individual acted under Mr. Vazquez's directions. Contrary to what the government and PSR recommended, in accepting responsibility all individuals admitted that Mr. Vazquez had no interest in the 120-kilograms that Mr. Lechuga sent to Illinois and that Mr. Vazquez was only interested on a total of 24-kiloigrams. The remaining belonged to the Roman Brothers and the rest of co-defendants.

In allowing Mr. Vazquez enhanced sentence for his role in the offense, the court clearly abused its discretion because Mr. Vazquez was no organizer, leader or coordinator to the five co-defendants mentioned in the conspiracy.

For this proposition Mr. Vazquez presents the affidavits of Jose Roman, Rodrigo Roman, Jesus Cepeda, and Abel Cadena, all four individuals are in disaccord with the erroneously adopted by the court PSR recommendation that all of these individuals received directions from Mr. Vazquez. Although, all of the above-mentioned individuals accepted responsibility in participating in different roles in Mr. Vazquez conspiracy, at the same time, all of the above co-defendants disagree of taking orders from Mr. Vazquez, in fact a couple of them admit not knowing him personally and not meeting him until after they were arrested, during court proceedings. **See. Affidavits of Jose Roman, Rodrigo Roman, Jesus Cepeda and Abel Cadena. Exhibit B.**

Contrary, every individual involved in Mr. Vazquez's case admits being independent, and although possible sharing the same source of supply (Lechuga), not part of the same criminal circle and not under Mr. Vazquez's command in any way.

In the case at hand, the court committed error in basing its rendering on PSR's recommendation, however, notably the statements of Jose Roman Rodrigo Roman, Jesus Cepeda and Abel Cadena, are determinative in evaluating whether Mr. Vazquez was properly enhanced 2-levels based on his role in the offense.

Had, Mr. Womack interviewed all of Mr. Vazquez's co-defendants prior to sentencing, Vazquez's sentence could have represented a substantial decrease because the enhancement for his role was clearly misapplied.

Insofar as Mr. Vazquez presents that the factual basis for his plea does not support the finding of a leadership role, because Mr. Vazquez pled guilty to only the 24 kilograms pertaining to the June 13, 2016 event, such a finding within the meaning of § 3B1.1 encompasses all relevant conduct linked to the trans-action resulting in the offense, even if it includes conduct that is outside the scope of the count of conviction. United States v. Reedy, 304 F.3d 358, 370 (5th Cir. 2002). The district court clearly err in determining that Vazquez offense level should be enhanced by two levels for his leadership role in the offense.

### 3. Drug quantity calculation.

Counsel rendered ineffective assistance for not properly conducting an investigation respecting drug quantity calculation to the Sec. 2D1.1(c).

The consideration of full 120-kilograms load seized on June 13, 2016 in sentencing Vazquez is clearly rebutted by the record of this case. According to the history of this

case, only 24-kilograms out from the 120-kilograms was allegedly destined to Vazquez, the rest was destined for others unknown to the conspiracy.

Vazquez contends that, based on the information on which the PSR relies, the district court erred in attributing him the 120-kilograms to his base offense level when his involvement according to the record was only for the 24-kilograms of cocaine. He maintains that the distribution of 24-kilograms of cocaine, which the PSR counted as 120-kilograms of cocaine, was outside the scope of relevant conduct attributable to him. District court erred in attributing 120-kilograms of cocaine to him because the record in this case clearly revealed that only a portion of said was intended for Vazquez. Also, Vazquez entered culpability only to 24-kilograms.

When determining the base offense level of a co-conspirator, the Sentencing Guidelines' "reasonable foreseeability" requirement necessitates a consideration of when the co-conspirator joined the conspiracy, what drug quantities were within the scope of the conspiratorial agreement, and of those drug quantities, the quantities that were reasonably foreseeable, prospectively only, by the defendant. United States v. Carreon, 11 F.3d 1225, 1236 (5th Cir. 1994). "'The base offense level of a co-conspirator at sentencing should reflect only the quantity of drugs he reasonably foresees it is the object of the conspiracy to distribute after he joins the conspiracy.'" Id. (quoting United States v. O'Campo, 973 F.2d 1015, 1025-26 (1st Cir. 1992)).

Here, Vazquez entered culpability to 24-kilograms of cocaine, nothing more. Mr. Womack should have challenged the drugs that were foreseeable to him beyond a reasonable doubt proven by the preponderance of the evidence.

Because the record does not support that Vazquez is responsible for the 120-kilograms but for 24, any surplus amount of drugs that may affect his sentence must be eliminated. Because of the scant evidence indicating that Vazquez was involved

with 24-kilograms of cocaine or reasonably foresaw that the object of the conspiracy was to distribute that particular quantity of cocaine, the district court clearly erred in attributing 120-kilograms of cocaine to Vazquez.

The critical question, then, is whether the district court's attribution of the cocaine quantity to Mr. Vazquez warrants a reversal of the court's application of a base offense level of 34.

Vazquez presents that the district court committed error in denying his argument that his attorney was ineffective for not properly challenging the improper enhanced sentence based on drug quantities nor foreseeable to him during the conspiracy.

**WHEREFORE,** for the foregoing reasons and conclusions of law jurist of reason may find debatable whether district court order was correct. Petitioner Omar Vazquez Avendano respectfully moves for issuance of Certificate of Appealability in order to present his arguments in a more complete manner.

                                      Respectfully Submitted

Executed this _3_ day of _May_, 2021

                                      _Omar Vazquez Avendano_

## CERTIFICATE OF SERVICE

I, Omar Vazquez Avendano, hereby certify that on this May 4, 2021, I sent first class postage prepaid, of other delivery charges prepaid, by depositing said document herein listed with prison authorities at the Mail Room of the Correctional Institution, Big Spring, Flightline, TX., for mailing through the United States Postal Service. A copy of the foregoing is to be served to:

Appellate Division
U.S. Attorney's Office
Southern District of Texas
1000 Louisiana
Ste 2300
Houston, TX 77002

Respectfully Submitted

*Omar Vazquez Avendano*

Omar Vazquez-Avendano
51239-424
Big Spring (Flightline)
P.O. Box 3470
Big Springs, TX 79720
PRO SE